Daniel L. Warshaw (Bar No. 185365)
  dwarshaw@pswlaw.com
Bobby Pouya (Bar No. 245527)
  bpouya@pswlaw.com
Matthew A. Pearson (Bar No. 291484)
  mapearson@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

Neville L. Johnson (Bar No. 66329)
  njohnson@jjllplaw.com
Douglas L. Johnson (Bar No. 209216)
  djohnson@jjllplaw.com
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Tel:    (310) 975-1080
Fax:    (310) 975-1095

Jeffrey A. Koncius (Bar No. 189803)
  koncius@kiesel.law
Nicole Ramirez (Bar No. 279017)
  ramirez@kiesel.law
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Tel: (310) 854-4444
Fax: (310) 854-0812

*Attorneys for Plaintiff and the Proposed Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID MARKS, an individual, on behalf of himself and all others similarly situated, | CASE NO.: 2:21-cv-4043 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| UMG RECORDINGS, INC., a Delaware corporation, | |
| Defendant. | |

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

954389.2

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Plaintiff David Marks, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to Plaintiff's own conduct and on information and belief as to all other matters based on an investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery:

## NATURE OF THE ACTION

1.      Defendant UMG Recordings, Inc. ("UMG") obtained the rights to exploit the artistic works of Plaintiff and Class Members[1] in exchange for the payment of money to these individuals and entities as required by standard contracts (hereinafter "Compensation Agreements" or "Agreements"). Defendant UMG is the parent corporation of Capitol Records, Inc. and numerous other music labels and it administers the royalty payments associated with the Compensation Agreements.

2.      Defendant is contractually required to pay artists a portion of the international revenue it receives from the exploitation of Plaintiff and Class Members' artistic works from digital streaming. Defendant has not been paying Plaintiff and Class Members royalties based on all of the revenues received by Defendant's foreign affiliates. Rather, Defendant has been paying Plaintiff and Class Members based on a reduced amount of the international royalties received by its foreign affiliates.

3.      Defendant is underreporting revenue generated from foreign sales, thereby reducing the share owed to Plaintiff and Class Members by the same amount. Defendant does not have a contractual or equitable right to underreport international revenues thereby reducing the royalties owed to Plaintiff and Class Members.

4.      Defendant does not disclose this practice in its royalty statements and accountings to Plaintiff and the Class Members and merely reports Plaintiff and Class

---

[1]  Unless otherwise noted, the terms Classes and Class Members refer collectively to the "(b)(2) Class" and "(b)(3) Class" as defined in this Complaint. The Class definitions exclude persons who were accounted to "at source," based on the gross foreign streaming revenue generated by their musical works.

1  Members' international streaming revenue as a percentage of the portion of the
2  revenues that is reportedly received by Defendant from the foreign subsidiary.
3  Through these accounting machinations, Defendant essentially conceals and keeps a
4  portion of the international streaming revenues generated by its foreign affiliates
5  without accounting for or paying a fair share to Plaintiff and Class Members.

6      5.    Plaintiff brings this nationwide class action against Defendant for its
7  failure to properly account to Plaintiff and Class Members for income derived from
8  the exploitation of their works internationally via streaming.

9      6.    Plaintiff seeks injunctive, declaratory and/or monetary relief against
10 Defendant for its unlawful conduct, through which Defendant obtained the services
11 of individuals and entities without adequately paying for those services. Defendant
12 has unilaterally and unlawfully accounted to and paid Plaintiff and Class Members
13 less than the full amount owed to them in connection with the distribution of their
14 works.

## THE PARTIES

**Plaintiff**

17     7.    Plaintiff David Marks is a legendary musician, recording artist, and
18 performing artist who was a member of The Beach Boys. Plaintiff resides in Los
19 Angeles County, California.

**Defendant**

21     8.    Defendant UMG Recordings, Inc. is a Delaware corporation with its
22 principal place of business in Santa Monica, California. UMG is the parent
23 corporation for Capitol Records, Inc. At all relevant times, UMG was and continues
24 to be in the business of exploiting the sound recordings of musical performances and
25 the audio-visual recordings of such performances. UMG's exploitation includes, but
26 is not limited to, producing, manufacturing, distributing, licensing, and selling these
27 recordings.

28     9.    UMG is one of the world's largest music companies with revenues in

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

excess of $7.18 billion in 2020. UMG owns, or has a majority share of, over 20 major music labels, which are themselves comprised of smaller labels. These music labels include, but are not limited to: Abbey Road Studios, Bravado, Capitol Music Group, Capitol Records U.K., Decca Records, Def Jam Recordings, Deutsche Grammophon, EMI, Interscope Records, Geffen, AM Records, Island Records, Motown, Polydor, Republic Records, Universal Music Enterprises, Verve Label Group, and Virgin Music.[2]

10.     At all times alleged UMG was and is responsible for the accounting and payment decisions and practices for Plaintiff and the Class Members who were signed by any of UMG's affiliated labels. UMG determines the manner in which international streaming revenues are accounted for and paid to Plaintiff and the Class Members, including the alleged unlawful practice of failing to report a portion of those revenues to Plaintiff and the Class Members. UMG is responsible for and manages all of the staff and persons who make the decisions regarding the manner in which international streaming revenues are accounted for and paid to Plaintiff and the Class Members. UMG and its accounting department generate all of the accounting statements to Plaintiff and the Class Members and are responsible for the misrepresentations regarding the amount of international streaming revenues generated therein. UMG is the ultimate recipient of the unlawful windfall and undue profits earned from the practice of underreporting international streaming revenues as alleged herein.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The total claims of the individual members of the Class in this action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

[2] https://www.universalmusic.com/labels/

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

As set forth above, Plaintiff is a citizen of California and Defendant is a citizen of Delaware. Therefore, diversity of citizenship exists under CAFA, and diversity jurisdiction, as required by 28 U.S.C. §§ 1332(a)(1) and 1332(d)(2)(A). The amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, there are more than 100 putative class members, and minimal diversity exists because putative class members are citizens of a different state than Defendant.

12.     This Court has personal jurisdiction over Defendant because it is authorized to and regularly conducts business in California and its principal place of business is in California.

13.     Venue is proper in this judicial District under 28 U.S.C. § 1391(b)(2) because Defendant conducts business in, and may be found in, this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

14.     Plaintiff and all members of the Class had a contractual relationship with UMG and/or record label subsidiaries of UMG for the exploitation of their artistic works.

15.     Record labels such as Defendant execute contracts with its artistic talent which include the ability of the label to license and distribute the works. In exchange for licensing and marketing of the artistic works, Defendant is paid a significant share of the earnings of the artists. As set forth below, not content to simply collect its overwhelming share of the revenues, Defendant also wrongfully keeps additional sums that are earned by the artists.

16.     Defendant holds itself out to the world, and, of course, to Plaintiff and Class Members, as follows: "We are Universal Music Group, the world's leading music company…[w]e own and operate a broad array of businesses engaged in recorded music, music publishing, merchandising, and audiovisual content in more

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    than 60 countries."[3]

2        17.    Defendant is contractually obligated pursuant to the Agreements to pay

3    Plaintiff and Class Members their share of royalties derived from the exploitation of

4    their musical works. This includes royalties for international streaming. Plaintiff and

5    Class Members' royalties are supposed to be and represented to the Class Members

6    as being based off of one hundred percent of the international streaming revenues.

7        18.    While Defendant purports to support artists and their royalties, it has

8    decided to improperly keep revenues in violation of its Agreements, such as the

9    contractual agreement with Plaintiff and Capitol Records, Inc. Defendant has done

10   this by impermissibly taking a percentage off the top of the international revenues

11   earned from streaming sales and basing the Plaintiff and Class Members' royalty rate

12   on the remainder. Defendant's actions have been unknown to Plaintiff and Class

13   Members, as they are concealed and not reported on their accounting statements.

14       19.    Defendant has been able to conceal this scheme from Plaintiff and Class

15   Members' because the international sales are reported to subsidiaries that are wholly

16   owned by Defendant. Defendant purposefully and knowingly withholds and fails to

17   inform Plaintiff and the Class Members of the existence of these revenues in its

18   accounting statements, which uniformly represent that foreign streaming revenues are

19   being paid based on a 50% royalty of all revenues received.

20       20.    Defendant has intentionally concealed the total foreign streaming

21   revenues generated by its foreign affiliates, which reduced the revenues Plaintiff and

22   Class Members' royalties were based. As such, Plaintiff and Class Members have no

23   way of knowing their royalties for international streams were based on reduced

24   figures. Other than undertaking a lengthy and expensive audit, which Plaintiff and

25   Class Members had no reason to do because of Defendant's concealment, Plaintiff

26   and Class Members lack the ability to discern such facts.

27   _____

28   [3] https://www.universalmusic.com/company/

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

21.     As authors of works distributed worldwide, Plaintiff and members of the Class are entitled to and have a right of possession of their share of this money.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) on his own behalf and on behalf of a class defined as follows:

> All persons and entities in the United States, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators who are currently parties to agreements with UMG, and its predecessors and subsidiaries, whose music was streamed in a foreign country and are not accounted to or paid at source ("(b)(2) Class"). Excluded from the (b)(2) Class is Defendant, Defendant's affiliates, subsidiaries or co-conspirators, employees of Defendant, including their officers and directors, and the Court to which this case is assigned.

23.     Plaintiff also brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on his own behalf and on behalf of a class defined as follows:

> All persons and entities in the United States, their agents, successors in interest, assigns, heirs, executors, trustees, and administrators who are or were parties to agreements with UMG, and its predecessors and subsidiaries, whose music was streamed in a foreign country and were not accounted to or paid at source ("(b)(3) Class"). Excluded from the (b)(3) Class is Defendant, Defendant's affiliates, subsidiaries or co-conspirators, employees of Defendant, including their officers and directors, and the Court to which this case is assigned.

24.     Plaintiff reserves the right to redefine the Classes as the facts and/or evidence may warrant.

25.     This action is properly maintainable as a class action.

26.     The Classes for whose benefit this action is brought is so numerous that joinder of all Class Members is impracticable. While Plaintiff does not presently know the exact number of Class Members, due to the extent of Defendant's catalog there

1    are hundreds, if not thousands, of Class Members.

2        27.    The Classes are so numerous that joinder of all Class Members is
3    impracticable.

4        28.    There are questions of law and fact common to Plaintiff and the Classes.
5    These common questions of law and fact include, but are not limited to, the following
6    which are apt to drive resolution of the litigation:

7            a.    Whether Defendant has withheld international streaming revenue
8                  from Plaintiff and the Classes;

9            b.    Whether Defendant breached its contractual obligations by taking
10                 a percentage off the top from international streaming revenue;

11           c.    Whether Defendant taking a percentage off the top from
12                 international streaming revenue was deceptive and fraudulent;

13           d.    Whether Defendant taking a percentage off the top from
14                 international streaming revenue was unfair;

15           e.    Whether Plaintiff and the (b)(3) Class have been damaged by
16                 Defendant's actions;

17           f.    Whether Plaintiff and the (b)(2) Class are entitled to injunctive and
18                 declaratory relief as a result of Defendant's conduct; and

19           g.    The proper remedy for Defendant's conduct.

20       29.    Plaintiff's claims are typical of the claims of the Classes. Defendant's
21   common course of conduct in violation of law as alleged herein has caused Plaintiff
22   and Class Members to sustain the same or similar injuries. Plaintiff's claims are
23   thereby representative of and coextensive with the claims of the Classes.

24       30.    Plaintiff is a member of the Classes, does not have any conflicts of
25   interest with other proposed Class Members, and will prosecute the case vigorously
26   on behalf of the Classes. Counsel representing Plaintiff and the classes are competent
27   and experienced in litigating complex class actions, including those involving the
28   entertainment industry. Plaintiff will fairly and adequately represent and protect the

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   interests of Class Members.

2         31.    Defendant has acted and refused to act on grounds generally applicable

3   to the (b)(2) Class, thereby making appropriate final injunctive relief or corresponding

4   declaratory relief with respect to the (b)(2) Class as a whole.

5         32.    A class action is superior to all other available means for the fair and

6   efficient adjudication of this controversy. Individual joinder of all (b)(3) Class

7   Members is not practicable, and questions of law and fact common to the (b)(3) Class

8   predominate over any questions affecting only individual members of the (b)(3) Class.

9   Class action treatment will allow those similarly situated persons to litigate their

10  claims in the manner that is most efficient and economical for the parties and the

11  judicial system. The injury suffered by each (b)(3) Class member, while meaningful

12  on an individual basis, is not of such magnitude as to make the prosecution of

13  individual actions economically feasible. Individualized litigation increases the delay

14  and expense to all parties and the Court. By contrast, class action treatment will allow

15  those similarly situated persons to litigate their claims in the manner that is most

16  efficient and economical for the parties and the judicial system.

17        33.    Plaintiff anticipates no unusual difficulties in the management of this

18  litigation as a class action.

19        34.    To the extent appropriate the nature of notice to the proposed Classes is

20  contemplated to be by direct postal mail or electronic means based upon Defendant's

21  records or, if such notice is not practicable, by the best notice practicable under the

22  circumstance including publication on the internet or in major newspapers.

23                                   **CLAIMS FOR RELIEF**

24                                          **COUNT I**

25                           **BREACH OF CONTRACT**

26        **(On Behalf of Plaintiff and All Class Members Against Defendant)**

27        35.    Plaintiff realleges and incorporates by reference allegations contained in

28  the preceding paragraphs, as though fully set forth herein.

36.     Plaintiff and Class Members entered into Agreements with Defendant or its subsidiaries.

37.     Defendant administers the royalty payments to artists such as Plaintiff for all of its labels.

38.     The Agreements contain provisions, both express and implied, for Plaintiff and Class Members to be paid on all money received by Defendant from its distribution of the artistic works. Plaintiff, for example, has been paid by Defendant for the digital streaming of his artistic works despite no provision of his agreement specifically mentioning digital streaming. Such payments are necessarily made pursuant to either a practical construction of the express terms of the Compensation Agreement(s) or by implying a payment obligation through the parties' course of performance and/or dealing thereunder.

39.     Plaintiff and other Class Members have performed their obligations under their respective Compensation Agreements by providing services called for under the agreements, and at no time did Defendant advise them that their performance was inadequate. As a result, all conditions required for Defendant's performance under the Agreements – namely, the payment of money to Plaintiff and Class Members sought herein – have occurred.

40.     By reason of the foregoing, and other acts not presently known to Plaintiff and Class Members, Defendant has materially breached the Compensation Agreements between itself and Plaintiff and Class Members by failing to account for and pay streaming revenue derived from international sales owed to Plaintiff and Class Members.

41.     By reason of the foregoing breaches, Plaintiff and other (b)(3) Class Members have been damaged in an amount to be determined at trial.

42.     Defendant's infringing conduct is continuing and ongoing. Plaintiff and (b)(2) Class Members have suffered, and will continue to suffer, irreparable injury for which there is no adequate remedy at law, unless Plaintiff and the Class Members

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

obtain equitable relief ordering Defendant to specifically perform, report to and pay Plaintiff and the (b)(2) Class Members based on all streaming revenues derived from international sales for the musical works of Plaintiff and Class Members, or as otherwise may be appropriate under the law.

43.    If Defendant is found to have no obligation to account to Plaintiff or Class Members for streaming their artistic works, Plaintiff and Class Members are entitled to judicial determination that their performances under the Agreements are excused for frustration of purpose, with the Agreements themselves subject to rescission.

<h2 style="text-align:center"><u>COUNT II</u></h2>

<h3 style="text-align:center">ACCOUNT STATED</h3>

<h3 style="text-align:center">(On Behalf of Plaintiff and All (b)(3) Class Members Against Defendant)</h3>

44.    Plaintiff realleges and incorporates by reference allegations contained in paragraphs 1 through 34, as though fully set forth herein.

45.    Plaintiff and the (b)(3) Class Members plead this cause of action in the alternative to their breach of contract cause of action.

46.    At all relevant times have kept, open book accounts reflecting the debits and credits made to Plaintiff and each (b)(3) Class Member's account with Defendant from inception. Said open book accounts should include entries reflecting income Defendant has received, and continue to receive, from the exploitation of the artistic works for foreign streaming.

47.    These book accounts constitute the principal records of the transactions between Defendant and all (b)(3) Class Members, including Plaintiff.

48.    Said book accounts are, and at all relevant times were, created in the regular course of Defendant's business and kept in a reasonably permanent form and manner. Said book accounts included an agreement and promise by UMG to account for and pay international streaming revenues on the basis of all international streaming revenues received by UMG for the exploitation of the artists' musical works.

49.    Defendant has become indebted to Plaintiff and other (b)(3) Class Members on said open book accounts in an amount equal to Defendant's underpayment or under accounting on the income derived from international revenue earned from streaming that Defendant has received, and continue to receive, from the exploitation of the artistic works due to improper accounting of source revenues for international streaming sales.

50.    As such, the outstanding balance owed by Defendant to Plaintiff and other (b)(3) Class Members on said open book accounts, including a calculation of the amount of underpayment, can be determined by examining all of the debits and credits recorded for each account.

### COUNT III
### FRAUD
### (On Behalf of Plaintiff and All Class Members Against Defendant)

51.    Plaintiff realleges and incorporates by reference allegations contained in the paragraphs 1 through 34, as though fully set forth herein.

52.    Defendant has collected money on behalf of Plaintiff and Class Members.

53.    Defendant has intentionally failed to pay Plaintiff and Class Members a significant portion of royalties owed to them from international sales.

54.    Defendant's conduct as described herein was done with a conscious disregard of Plaintiff's and Class Members' rights. Defendant has devised a scheme to deceive Plaintiff and Class Members so that Defendant could keep more international revenue than it was entitled.

55.    Defendant has intentionally concealed information from Plaintiff and Class Members, on a continual basis, in conformity with their scheme, thereby precluding Plaintiff and Class Members from collecting this money to which they are entitled.

56.    The facts regarding international sales-based royalties that are owed is

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

known by, or accessible to, Defendant. Defendant knows that these facts are not known or reasonably discoverable by Plaintiff and Class Members short of undertaking a lengthy and expensive audit.

57.     Further, Defendant continues to conceal information about this money from Plaintiff and Class Members by, among other things, moving these funds into a general fund and/or trust account which information is only available to Defendant.

58.     As a direct and proximate cause of Defendant's actions, Plaintiff and Class Members have been damaged in an amount to be determined at trial. Defendant's conduct was a substantial factor in causing the harm to Plaintiff and the Class.

59.     In addition, Defendant's conduct as described herein was done with a conscious disregard of Plaintiff's and Class Members' rights and was done with the intent to vex and annoy them. Defendant has deceived Plaintiff and Class Members and has intentionally concealed information from Plaintiff and Class Members so that Defendant could keep the international revenue for themselves, rather than distribute it to Plaintiff and Class Members.

60.     Defendant purposely and fraudulently failed to remit amounts earned by foreign affiliates with the purpose and intent of preventing Plaintiff from discovering the existence of these revenues. Defendant has intentionally concealed the amount of revenues generated by its subsidiaries and affiliates from foreign streaming, which reduced the revenues Plaintiff and Class Members' royalties were based. As a result, Defendant wrongfully withheld monies from Plaintiff and Class Members.

61.     Defendant's actions have precluded Plaintiff and Class Members from collecting this money to which they are entitled. Defendant's acts constitute oppression, fraud, and/or malice under California Civil Code section 3294, entitling Plaintiff and (b)(3) Class Members to an award of punitive damages in an amount appropriate to punish, or set an example of, Defendant to be determined at trial.

62.     In addition to the foregoing damages, Defendant has been unjustly

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  enriched as a result of the foregoing actions, and, therefore, Plaintiff and (b)(3) Class

2  Members pray for the Court to impose a constructive trust on all money wrongfully

3  obtained by Defendant, in accordance with common law and California Civil Code

4  sections 2223-2224, for the benefit of Plaintiff and (b)(3) Class Members' interests.

5       63.    Further, Defendant's infringing conduct is continuing and ongoing.

6  Plaintiff and (b)(2) Class Members have suffered, and will continue to suffer,

7  irreparable injury for which there is no adequate remedy at law, unless Defendant is

8  enjoined by the Court from continuing to collect such money without paying Plaintiff

9  and the (b)(2) Class Members, or the Court orders other equitable and injunctive relief

10  available under the law.

### COUNT IV

### VIOLATION OF CALIFORNIA'S BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.*

**(On Behalf of Plaintiff and All Class Members Against Defendant)**

15       64.    Plaintiff realleges and incorporates by reference allegations contained in

16  the paragraphs 1 through 63, as though fully set forth herein.

17       65.    Defendant underpays and underreports to Plaintiff and other Class

18  Members on the income derived from international revenue earned from streaming

19  that Defendant has received, and continue to receive, from the exploitation of the

20  artistic works due to improper accounting of source revenues of international

21  streaming sales.

22       66.    Defendant's conduct as described herein is unfair, and fraudulent

23  pursuant to California Business & Professions Code section 17200 *et seq.*

24       67.    Defendant's actions are unfair and fraudulent in that it has intentionally

25  concealed information from Plaintiff and the Class Members and have made

26  misrepresentations on a continual basis, in conformity with its scheme, that Defendant

27  is in fact keeping a disproportionate share of all revenue received by it, thereby

28  depriving Plaintiff and the Class Members from receiving this money to which they

1  are entitled.

2      68.     These unfair and fraudulent business practices present a continuing

3  threat to members of the public. Plaintiff, Class Members, and other members of the

4  public have no other adequate remedy of law in that the amount of damage incurred

5  by each member of the public is small in comparison to the cost of litigation of this

6  matter. Plaintiff, (b)(2) Class Members, and the other members of the public are

7  requesting Defendant be permanently enjoined from such acts in the future. Plaintiff,

8  (b)(3) Class Members, and the other members of the public are seeking restitution of

9  the international streaming revenues improperly withheld by the Defendant.

10                              **COUNT V**

11                            **ACCOUNTING**

12  **(On Behalf of Plaintiff and All (b)(3) Class Members Against Defendant)**

13      69.     Plaintiff realleges and incorporates by reference allegations contained in

14  the paragraphs 1 through 34, as though fully set forth herein.

15      70.     A relationship exists between Plaintiff and (b)(3) Class Members and

16  Defendant, for which an accounting is appropriate, as Defendant has collected and is

17  holding monies owed to Plaintiff and the (b)(3) Class.

18      71.     Plaintiff and the (b)(3) Class are owed monies from Defendant. The

19  balance, however, due Plaintiff and (b)(3) Class Members can only be ascertained by

20  an accounting. Defendant is in exclusive possession of the documents and information

21  as to the monies owed Plaintiff and the (b)(3) Class, and Plaintiff and the (b)(3) Class

22  do not have any other authority to require an accounting from Defendant other than

23  to individually undertake an expensive audit lasting years.

24      72.     Defendant has fraudulently concealed the true amounts of monies owed

25  Plaintiff and (b)(3) Class Members.

26      73.     Therefore, Plaintiff and (b)(3) Class Members demand an accounting.

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## COUNT VI

### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (On Behalf of Plaintiff and All Class Members Against Defendant)

74.     Plaintiff realleges and incorporates by reference allegations contained in the paragraphs 1 through 43, as though fully set forth herein.

75.     The Agreements contain a covenant implied by law that Defendant, and its subsidiaries, will act toward Plaintiff and Class Members in good faith and with fair dealing.

76.     The implied covenant of good faith and fair dealing imposes upon Defendant, and its subsidiaries, the duty not to take any action with the motive intentionally to frustrate Plaintiff and Class Members' enjoyment of their rights under the Agreements, and to exercise any discretion it has under the Agreements fairly.

77.     Defendant, in doing the acts alleged herein, has breached the covenant of good faith and fair dealing implied in the Agreements in that Defendant, and its subsidiaries, in bad faith and with a motive intentionally to frustrate Plaintiff and Class Members' enjoyment of their rights under the Compensation Agreements, including:

a.     Entering into or acquiescing to agreements or arrangements with the aforementioned foreign affiliates on terms that are not fair, just or equitable, and are not at arm's-length;

b.     Paying fees to the foreign affiliates at grossly higher than market rates for such services;

c.     Failing to negotiate or renegotiate lower rates, more consistent with the market, with its foreign affiliates;

d.     Failing to seek out other non-affiliated foreign entities who would have charged less for their services;

e.     Failing to ensure that the foreign affiliates would not charge higher fees with respect to musical compositions than they charge for non-affiliated

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

entities; and

f.      Concealing its malfeasance through confusing and misleading royalty statements which do not clearly disclose that the foreign affiliates were deducting a large percentage of the foreign income before sending the money to Defendant.

78.      As a direct and proximate result of the foregoing material breaches of the covenant of good faith and fair dealing, Plaintiff and (b)(3) Class Members have been damaged in an amount to be determined according to proof at trial.

79.      As a further remedy, which Plaintiff and Class Members will elect at trial, Plaintiff and Class Members are entitled to termination of the Compensation Agreements.

## COUNT VII

## DECLARATORY RELIEF

**(On Behalf of Plaintiff and All (b)(2) Class Members Against Defendant)**

80.      Plaintiff realleges and incorporates by reference allegations contained in the paragraphs 1 through 79, as though fully set forth herein.

81.      An actual controversy has arisen, and now exists, between Plaintiff and (b)(2) Class Members on the one hand and Defendant on the other hand concerning their respective rights and duties under the Compensation Agreements, in that Plaintiff and (b)(2) Class Members contend that:

a.      Defendant has breached the Agreements as set forth above;

b.      Defendant has breached the covenant of good faith and fair dealing as set forth above;

c.      Defendant's conduct and practices described above violates California Business & Professions Code section 17200 *et seq*.;

d.      The foreign affiliates are alter egos of Defendant;

e.      Defendant and its subsidiaries are alter egos of one another and form a single enterprise; and

f.   Defendant has concealed its malfeasance through confusing and misleading royalty statements.

82.   Plaintiff and (b)(2) Class Members are informed and believe that Defendant disputes each of Plaintiff and Class Members' contentions herein alleged.

83.   Plaintiff and (b)(2) Class Members desire a judicial determination of their rights and obligations under the Agreements, or other appropriate equitable and injunctive relief available under the law. Such relief is necessary in order that Plaintiff and (b)(2) Class Members may ascertain their rights and obligations thereunder, and to prevent further breaches of the Agreements, the covenant of good faith and fair dealing, and California Business & Professions Code section 17200 *et seq.*, in that Defendant's conduct and practices described herein are continuing and ongoing.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and Class Members, respectfully requests of the Court the following relief:

1.   An order certifying the proposed Classes, designating Plaintiff as the named representative of the Classes, and designating the undersigned as Class Counsel for the Classes;

2.   A declaration that Defendant is financially responsible for notifying all Class Members that the pertinent Compensation Agreements obligate Defendant to include, pay, and/or credit Plaintiff and other Class Members the income derived from the exploitation of the artistic works at source;

3.   An injunction on behalf of the (b)(2) Class requiring Defendant to include all income derived from the exploitation of the artistic works at source in the future and undertaking sufficient steps to attribute all income received from international streaming to the (b)(2) Class, or as the Court otherwise deems proper under the circumstances;

4.   An order granting Plaintiff and the (b)(3) Class an accounting;

5.   An award to Plaintiff and the (b)(3) Class of damages in an amount to be

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   proven at trial;

2      6.      An award of punitive damages to Plaintiff and the (b)(3) Class on the

3   appropriate causes of action;

4      7.      An order rescinding the Agreements;

5      8.      An award of attorneys' fees and costs, as allowed by law;

6      9.      An award of pre-judgment and post-judgment interest, to Plaintiff and

7   the (b)(3) Class as provided by law;

8      10.     For leave to amend the Complaint to conform to the evidence presented

9   at trial;

10     11.     For the Court to impose a constructive trust on wrongfully held money

11  on behalf of Plaintiff and the (b)(3) Class; and

12     12.     For such other, further, and different relief as the Court deems proper

13  under the circumstances.

14  DATED: May 13, 2021          **PEARSON, SIMON & WARSHAW, LLP**

15                               DANIEL L. WARSHAW

                                 BOBBY POUYA

16                               MATTHEW A. PEARSON

17

18                               By:   _/s/ Daniel L. Warshaw_

19                                      DANIEL L. WARSHAW

20                               **JOHNSON & JOHNSON LLP**

21                               NEVILLE L. JOHNSON

                                 DOUGLAS L. JOHNSON

22

23                               **KIESEL LAW LLP**

24                               JEFFREY A. KONCIUS

                                 NICOLE RAMIREZ

25

26                               Attorneys for Plaintiff and the Proposed Classes

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1

## **DEMAND FOR JURY TRIAL**

2       Plaintiff, on behalf of himself and Class Members, herby demands a trial by

3 jury.

4

5  DATED:  May 13, 2021          **PEARSON, SIMON & WARSHAW, LLP**

6                          DANIEL L. WARSHAW

7                          BOBBY POUYA
                            MATTHEW A. PEARSON

8

9                       By:       */s/ Daniel L. Warshaw*

10                             DANIEL L. WARSHAW

11                      **JOHNSON & JOHNSON LLP**

12                      NEVILLE L. JOHNSON
                      DOUGLAS L. JOHNSON

13

14                      **KIESEL LAW LLP**

15                      JEFFREY A. KONCIUS
                      NICOLE RAMIREZ

16

17                      Attorneys for Plaintiff and the Proposed Classes

18

19

20

21

22

23

24

25

26

27

28

954389.2

CLASS ACTION COMPLAINT