**NOT FOR PUBLICATION**

FILED

APR 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MARKS, an individual on behalf of himself and all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UMG RECORDINGS, INC., a Delaware corporation; CAPITOL RECORDS, LLC, <br><br> Defendants - Appellees. | No. 24-1756 <br><br> D.C. No. 2:21-cv-04043-MCS-JPR <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted April 16, 2025<sup>**</sup>

Before: BYBEE and CHRISTEN, Circuit Judges, and FITZWATER, District Judge.<sup>***</sup>

David Marks appeals the district court's order granting judgment on the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

pleadings in favor of Defendants on his claim for declaratory relief. Because the

parties are familiar with the facts, we do not recount them here. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's

order granting judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c), *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021),

and review for abuse of discretion the district court's decision not to apply the law

of the case doctrine, *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005). We

affirm.

    1. The district court did not abuse its discretion by declining to apply the

law of the case doctrine. The doctrine "states that the decision of an appellate

court on a legal issue must be followed in all subsequent proceedings in the same

case," whether that issue was decided "explicitly" or "by necessary implication."

*United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (citation omitted).

But it "does not apply to issues not addressed by the appellate court." *United

States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1186–87 (9th Cir.

2001), *overruled in part on unrelated grounds by Stein v. Kaiser Found. Health

Plan, Inc.*, 115 F.4th 1244 (9th Cir. 2024) (en banc).

    The panel previously held that the district court failed to address the full

scope of Marks's declaratory relief claim, and therefore reversed and remanded.

*Marks v. UMG Recordings, Inc.*, 2023 WL 4532774, at *3–5 (9th Cir. July 13,

2

24-1756

2023).  The panel did not address the merits of Marks's claim and explicitly left it to "the district court to decide what rights and remedies, if any, may be available." *Id.* at *4.  Here, the district court answered the question the panel left unresolved. It concluded that Marks was not entitled to a declaration of rescission, based on either a failure of consideration or frustration of purpose, because those theories failed as a matter of law.  By doing so, the district court provided a declaration regarding the parties' "legal rights and duties," as California Code of Civil Procedure § 1060 requires, and as the panel directed, *Marks*, 2023 WL 4532774, at *4.[1]  Because the panel did not previously decide the merits of Marks's declaratory judgment claim, the law of the case doctrine does not apply.

2.  Marks is not entitled to rescission pursuant to California Civil Code § 1689(b)(4), which permits rescission for a "partial failure of consideration." *Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 840 (9th Cir. 1987). "Failure of consideration is the failure to execute a promise, the performance of which has been exchanged for performance by the other party." *Bliss v. Cal. Co-*

---

[1] We previously recognized that "[t]he availability of declaratory relief in California does not depend on whether Marks' claims will ultimately succeed." *Marks*, 2023 WL 4532774, at *4 (citing *Maguire v. Hibernia Sav. & Loan Soc'y*, 146 P.2d 673, 678 (Cal. 1944)).  Although the district court ultimately dismissed the case pursuant to Rule 12(c), its substantive analysis embodied a determination of the parties' legal rights and duties.  *See Nede Mgmt., Inc. v. Aspen Am. Ins. Co.*, 284 Cal. Rptr. 3d 122, 128 (Ct. App. 2021) (noting that "declarations on the merits unfavorable to a plaintiff have been upheld although such determinations were made in the form of a judgment sustaining a demurrer" (citation omitted)).

24-1756

*op. Producers*, 181 P.2d 369, 374 (Cal. 1947).

Marks conceded in the prior appeal that Defendants had no express obligation to pay him royalties for digital streaming pursuant to the agreement and this panel concluded that Marks failed to establish that the parties impliedly modified their written contract to include such royalties, *Marks*, 2023 WL 4532774, at *1-2. The failure to receive a benefit that Marks concedes the contract does not provide him—royalties other than those associated with physical records—does not constitute a failure of consideration. *See Koenig v. Warner Unified Sch. Dist.*, 253 Cal. Rptr. 3d 576, 589–90 (Ct. App. 2019) (concluding there was no failure of consideration pursuant to § 1689(b)(4) because the party seeking rescission would not be entitled to the contractual benefit at issue).

3. Marks is not entitled to rescission based on frustration of purpose. The doctrine of frustration of purpose is an "excuse for nonperformance." *Lloyd v. Murphy*, 153 P.2d 47, 50 (Cal. 1944). Under that doctrine, performance "is excused whenever a fortuitous event supervenes to cause a failure of the consideration or a practically total destruction of the expected value of the performance." *Autry v. Republic Prods.*, 180 P.2d 888, 891 (Cal. 1947); *see also Lloyd*, 153 P.2d at 50.

Here, Marks has no ongoing obligations for which he seeks to excuse non-performance. To the extent Marks relies on paragraph 6(a) of the original

4                                                                                    24-1756

agreement and paragraph 1(b) of the agreement's supplement, neither provision describes an ongoing performance obligation.  Because Marks has no performance obligations, frustration of purpose does not apply.

**AFFIRMED.**

24-1756